**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000599**
**17-APR-2015**
**08:19 AM**

NO. CAAP-12-0000599

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LJL MORTGAGE POOL, a Limited Liability Company,
Plaintiff-Appellee,
v.
JAMES T. NAKAMOTO, and JOHN and MARY DOES 1-10,
Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 11-1-098)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant James T. Nakamoto (Nakamoto) filed a Notice of Appeal on June 27, 2012, that purports to appeal from a Judgment entered on April 19, 2012, and the "Court Order Denying Defendant James T. Nakamoto's Motion for Reconsideration of the Court's Order Filed April 19, 2012," (Order Denying 60(b) Motion) entered on May 29, 2012, both in the Circuit Court of the Third Circuit[1] (circuit court). Plaintiff-Appellee LJL Mortgage Pool, a limited liability company (LJL Pool), filed a Complaint for Ejectment against Nakamoto asserting that Nakamoto remained illegally on property that LJL Pool had purchased at its own non-judicial foreclosure.

We must first address our appellate jurisdiction in this case.

_____

[1] The Honorable Glenn S. Hara presided.

> As a general rule, compliance with the requirement of the timely filing of a notice of appeal is jurisdictional, and [an appellate court] must dismiss an appeal on [its] motion if [it] lack[s] jurisdiction. Indeed, it is well settled that an appellate court is under an obligation to ensure that it has jurisdiction to hear and determine each case and to dismiss an appeal on its own motion where it concludes it lacks jurisdiction. The lack of subject matter jurisdiction can never be waived by any party at any time. Therefore, when we perceive a jurisdictional defect in an appeal, we must, *sua sponte*, dismiss that appeal.

Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citations, quotation marks, and brackets omitted).

Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) provides that a party has thirty days after entry of a judgment or appealable order to file the notice of appeal. Rule 4(a)(3) provides that "a timely motion . . . to reconsider, alter or amend the judgment or order," extends the time for filing an appeal until thirty days after entry of an order disposing of the motion. On May 1, 2012,[2] Nakamoto filed a motion for reconsideration citing District Court Rules of Civil Procedure Rule 59(e), 60(b)(1), (2), and (6), and 60(c) (even though the case was before the circuit court). Nakamoto's motion for reconsideration was not filed within the ten day time period as required by Hawai'i Rules of Civil Procedure (HRCP) Rule 59,[3] thus the circuit court did not have authority to consider the motion under Rule 59 and properly considered Nakamoto's motion

---

[2] Nakamoto's counsel signed the motion for reconsideration on April 30, 2012, but the motion was not file-stamped in the Circuit Court of the First Circuit (ex officio) until May 1, 2012. There is nothing in the record to indicate that the motion was received by the First Circuit Court prior to May 1, 2012. Additionally, the circuit court noted in the Order Denying 60(b) Motion that the motion was filed on May 1, 2012, and on appeal Nakamoto states in his opening brief that the motion was filed on May 1, 2012.

[3] A party has ten days to file a motion for reconsideration pursuant HRCP Rule 59. The circuit court entered an order granting summary judgment and the Judgment on April 19, 2012. Ten days later was April 29, 2012, which fell on a Sunday. Thus, a timely Rule 59 motion needed to be filed by Monday, April 30, 2012 per HRCP Rule 6(a).

for reconsideration a Rule 60(b)[4] motion for relief from judgment. See Ditto, 103 Hawai'i at 160, 80 P.3d at 981.

A motion pursuant to HRCP Rule 60(b) that is not filed within 10 days of the entry of judgment does not toll the time to appeal. Citicorp Mortgage, Inc. V. Bartolome, 94 Hawai'i 422, 430, 16 P.3d 827, 835 (App. 2000); HRAP Rule 4(a)(3). Therefore, the thirty day period for Nakamoto to file a notice of appeal from the April 19, 2012 Judgment was not tolled and expired on May 21, 2012.[5] Nakamoto filed his notice of appeal on June 27, 2012, thirty-seven days late. Therefore, we do not have jurisdiction to review the Judgment.

However, the Order Denying 60(b) Motion filed on May 29, 2012 is an appealable final order under HRS § 641-1(a) (Supp. 2014), from which Nakamoto timely appealed. Ditto, 103 Hawai'i at 160, 80 P.3d at 981. In this case, the circuit court denied Nakamoto's Rule 60(b) motion because the court found that Nakamoto failed to present any new evidence or argument that was not before the court at the prior hearing.

A circuit court's ruling on an HRCP Rule 60 motion is reviewed for an abuse of discretion. Ditto, 103 Hawai'i at 157, 80 P.3d at 978. The burden of establishing abuse of discretion is on the appellant, and a strong showing is required to establish it. Id. at 162, 80 P.3d at 983.

---

[4] HRCP Rule 60(b) provides in pertinent part that

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason justifying relief from the operation of the judgment.

[5] The thirtieth day after April 19, 2012, was May 19, 2012, a Saturday. Per HRAP Rule 26(a), the period to file a notice of appeal was extended to Monday, May 21, 2012.

On appeal, Nakamoto asserts that the circuit court abused its discretion in denying his Rule 60(b) motion by "failing to consider the further evidence that established LJL Pool did not own or hold [Nakamoto's] note, invalidating the foreclosure, which should have effectively prevented ejectment."

Upon careful review of the record and the brief submitted by Nakamoto[6] and having given due consideration to the arguments advanced and the issues raised by Nakamoto, as well as the relevant legal authorities, we affirm the Order Denying 60(b) Motion.

In his Rule 60(b) motion, Nakamoto made the following arguments: (1) summary judgment was improper because there are genuine issues of material fact regarding LJL Pool's right to foreclose and the propriety of LJL Pool's non-judicial foreclosure; and (2) new evidence, purportedly LJL Secured High Yield Income Fund I, LLC's[7] "offering circular", indicates that Nakamoto's loan was securitized and thus LJL Pool did not have proper title to foreclose.

Nakamoto's Rule 60(b) motion attempted to reargue the issue of summary judgment. This type of argument is inappropriate for a Rule 60(b) motion. Nakamoto did not explain or argue how the provisions of HRCP Rule 60(b) provided for the relief he sought.

---

[6] LJL Pool did not file an answering brief in this case. However, Nakamoto, as appellant, is "required to convince the appellate tribunal that a reversible error occurred in prior proceedings. . . . [W]hen an appellee fails to respond, an appellant is required only to make a prima facie showing of error in order to obtain the relief sought." Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 269, 172 P.3d 983, 1013 (2007).

[7] Per the "circular", "LJL Secured High Yield Income Fund I, LLC, (the 'Fund') is a California limited liability company whose sole manager is LJL Funding, LLC, a California limited liability company (the 'Manager'). The Fund has been organized for the purpose of investing in LJL Mortgage Pool, LLC (the 'Pool'), a single purpose fund organized for the purpose of originating, funding, holding, buying and selling mortgage loans secured by first trust deeds."

4

To the extent that Nakamoto requests relief under Rule 60(b)(2) based on newly discovered evidence, Nakamoto must meet the following requirements:

> (1) it must be previously undiscovered even though due diligence was exercised; (2) it must be admissible and credible; (3) it must be of such a material and controlling nature as will probably change the outcome and not merely cumulative or tending only to impeach or contradict a witness.

Ditto, 103 Hawaiʻi at 162, 80 P.3d at 983 (citation omitted). It appears that Nakamoto contends that the "offering circular" somehow demonstrates that LJL Pool did not hold the applicable note and mortgage. Nakamoto's HRCP Rule 60(b) motion failed to address whether the purported new evidence was previously undiscovered even though due diligence was exercised (Nakamoto's counsel apparently found the document via an internet search). Further, it remains unexplained how the circular, which seeks investors in the limited liability company that invests in LJL Pool, is admissible and credible evidence, or "of such a material and controlling nature" that the circuit court would have denied the motion for summary judgment. The circuit court did not abuse its discretion in denying Nakamoto's Rule 60(b) motion.

Therefore, IT IS HEREBY ORDERED that the "Court Order Denying Defendant James T. Nakamoto's Motion for Reconsideration of the Court's Order Filed April 19, 2012," entered on May 29, 2012, in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, April 17, 2015.

On the briefs:

Robin R. Horner
(RRH & Associates
 Attorneys at Law LLLC)
for Defendant-Appellant

Presiding Judge

Associate Judge

Associate Judge

5